## Zuschlag v. Moulton

*Roger B. Johnson,* for plaintiff.

*John R. Boland, Jr.,* and *Bernard R. Goldstone,* for defendants.

*T. A. Sampson, Jr.,* for additional defendants.

RODGERS, P. J., February 24, 1956.—This matter comes before the court on preliminary objections of the additional defendants to joinder by defendants, Cecil John Moulton and Freda Moulton.

Plaintiff's complaint in trespass was filed March 11, 1955, naming Cecil John Moulton, Freda Moulton, John M. Byers, Donald Buchanan and the Bell Telephone Company of Pennsylvania as defendants. Service was had on Byers and Bell on March 11 and 15, 1955. A preliminary objection in the form of a demurrer to plaintiff's complaint was filed on behalf of the Bell Telephone Company on March 28, 1955, and on behalf of John M. Byers on April 6, 1955. These demurrers were sustained and judgment rendered in favor of defendants, Bell Telephone Company and John M. Byers on August 8, 1955. On September 28, 1955, defendants Moulton, without leave of court filed praecipes to join the Bell Telephone Company and John M. Byers as additional defendant. The writs were served on these parties on September 29 and 30, 1955, some 190 days after the service of the original complaint and 50 days after Bell and Byers were dropped as original defendants. On November 3, 1955, these parties filed preliminary objections to their joinder by defendants.

The question is now raised: "Whether the filing of praecipes to join Bell Telephone Company of Pennsylvania and John M. Byers as additional defendants 191 days after service of the plaintiff's Complaint on defendants, Cecil John Moulton and Freda Moulton, without obtaining leave of court, was such a violation of Pennsylvania Rules of Civil Procedure, Rule 2253, as to render such joinder void and of no effect?"

Rule 2253 provides as follows:

"No praecipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In the author's comment under rule 2253 in volume 4, Anderson's Pennsylvania Civil Practice, at page 423, it is stated:

"By Rule 2253 a time limit is placed upon the joining of an additional defendant. The præcipe to join him must be filed within one of the following three periods:

"(1) within sixty days after service on the defendant of the plaintiff's complaint. . . .

"(2) within sixty days after service on the defendant of an amendment of the plaintiff's complaint. . . .

"(3) within such greater time as may be allowed by the court upon cause shown."

It is clear that the præcipe to join was not filed within 60 days following service of the original complaint and that no greater time has been allowed by the court.

Defendants contend that the 60-day period should not begin to run until the date Bell and Byers were dropped as defendants which was the first opportunity they had to file their præcipe to join.

In Stull v. Hofkin, 65 Montg. 199, the court was faced with this precise problem. In that case there had been a rule for severance and the proceedings had been stayed for a period of 15 days. Sixty-four days after the filing of the original complaint, defendant issued his writ to join additional defendant. The court said:

"This stay of proceedings for 15 days stayed the running of the sixty-day period during that time and defendant has filed his writ within the time. Furthermore, until the severance was granted, defendant would have no right to bring the additional defendant on the record. . . . We have allowed a severance, and also a stay of proceedings during the severance, and in fairness to all concerned, if extension of time

beyond the sixty-day limit is necessary, it should be granted, as sufficient cause has been shown."

In Schragel v. Covert, 11 Beaver 163, it was recognized that the time consumed in determining a petition to sever should not be counted against the sixty days during which defendant might bring in an additional defendant, and apparently on the court's own motion, the period of time was extended. The court issued its order on September 16, 1949, and said:

"In this case the Complaint was served on the defendant, July 13, 1949. The petition to sever was filed August 24, 1949. All proceedings were stayed by the order upon which a rule to show cause issued. Forty-two days elapsed *before* the petition was presented. Defendant's writ to join Michael Schragel as an additional defendant should issue and a complaint should be filed within eighteen days from the filing of our order." (Italics supplied.)

In other words, the court held defendant responsible for the time which elapsed after the filing of the complaint and prior to his motion for severance, but did extend the time in which he might issue his writ for joinder to the extent of the eighteen days remaining of the sixty-day period.

This court feels that the proper procedure would certainly have been for the present defendants to have applied to this court for an extension of time following the judgment in favor of defendants, Bell and Byers.

There is specific authority to the effect that a defendant cannot make a late joinder and then on the hearing on objections to such joinder, request the court to consider the grounds for an extension: Devany v. Reed, 2 Bucks 79 (1952). However, even at this date under the circumstances of this case, the court would be inclined to grant on petition the extension of time necessary for the issuance of such a

writ. Therefore, since there is adequate cause on the record of this case to justify the granting of an extension, this court will, to expedite the trial of the matter on the merits, decline to strike the writ.

### Order

And now, February 24, 1956, the preliminary objections of James M. Byers and the Bell Telephone Company of Pennsylvania, additional defendants, are overruled and their motions to quash the writs of joinder and to dismiss the complaints of defendants are denied.